DIRECTOR OF MERIT SYSTEM — AUTHORITY The initial authority to implement the provisions of House Joint Resolution 1020, First Session, Thirty-third Legislature (1971), rests with the individual agencies. However, it is within the purview of the Director of the Merit System to oversee the administration of the Resolution as it applies to the Merit System and act in accordance with 74 O.S. 810 [74-810] (1961). The Attorney General has considered your letter wherein you, in effect, ask the following question: "Does the State Personnel Board have the legal responsibility to interpret the provisions of House Joint Resolution 1020, First Session, Thirty-third Legislature, as they apply to the classified service of the State under the Merit System of Personnel Administration provided in Sections 801-839 of Title 74 O.S. 1961 as amended?" House Joint Resolution 1020 provides in pertinent part: "Whereas, it is the intent of the Legislature that all departments and agencies of state government will make the necessary expenditure of funds from all sources for the direct and indirect payment of personnel services enumerated in this Joint Resolution." (Emphasis added) "SECTION 1. All state agencies whose employees are under the jurisdiction of the Merit System of Personnel Administration are directed to take the following actions in the compensation of their employees: . . . (Emphasis added) "B. Adjust the salaries of all classified employees whose job classifications have received a pay grade change to become effective January 1, 1972, . . . All such adjustments shall . . . be made in accordance with the Merit System rules . . . . (Emphasis added) "Section 2. All state agencies who employ people in the exempt and unclassified service of the state, whose salaries are not prescribed by law, shall grant such employees a cost of living increase . . . ." (Emphasis added) It is apparent that the appropriate state agencies are to implement the provisions of said resolution. However, it is also apparent that the provisions of the Resolution apply, in great part, to employees under the jurisdiction of the Merit System of Personnel Administration, and are to be administered in accordance with the Merit System rules and regulations. Title 74 O.S. 810 [74-810] (1961), in setting forth duties of the State Personnel Director, provides in part: "No state disbursing or auditing officer shall make or approve or take any part in making or approving any payment for personal service to any person holding a position in the state classified service . . . unless the payroll voucher or account of such pay bears the certification of the Director, or of his authorized agent, that the persons named therein have been appointed and employed in accordance with the provisions of this Act and the rules, regulations, and orders promulgated hereunder. The Director may for proper cause withhold certification from an entire payroll or from any specific item or items thereon." (Emphasis added) In so doing, under the above provisions, the Director has the authority to see that the provisions of said laws are administered as required by the rules and regulations of the Merit System. It is, therefore, the opinion of the Attorney General that your question be answered as follows: The initial authority to implement the provisions of House Joint Resolution 1020 rests with the individual agencies. However, it is within the purview of the Director of the Merit System to oversee the administration of the Resolution as it applies to the Merit System and act in accordance with 74 O.S. 810 [74-810] (1961). (Michael D. Martin)